### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

MICHAEL MEIER and
CHRISTOPHER WILLIAMS,

                  Plaintiffs,

v.                                               Case No. 22-11644

SCHWARZ PARTNERS, et al.

                  Defendants.
_____/

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA PURSUANT TO 29 U.S.C. §1404(a)

       Plaintiffs Michael J. Meier and Christopher A. Williams, Michigan citizens, bring this diversity action against Defendants Schwarz Partners ("Schwarz"), TransCorr, LLC ("TransCorr"), TC HoldCo, LLC ("TC Holdco"),[1] Venture Connect, LLC, TransCorr Brokerage, LLC, TransCorr Leasing, LLC, TransCorr National Logistics, LLC, and TransCorr Global Solutions, LLC, all of which are Indiana citizens. (ECF No. 18.) Defendants have moved the court to transfer this case to the Southern District of Indiana as a more convenient venue. (ECF No. 13.) Defendants' motion has been fully briefed. Having reviewed the record, the court finds a hearing unnecessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will deny Defendants' motion.

---

[1]     Plaintiffs initially listed "TC Holding Company, LLC" as a Defendant. (ECF No. 1, PageID.3.) After Defendants filed their motion to transfer venue (ECF No. 13) and motion for partial dismissal (ECF No. 14), Plaintiffs amended their Complaint (ECF No. 18), by which they substitute "TC Holdco, LLC" for "TC Holding Company, LLC." (ECF No. 18, PageID.226.)

## I.  BACKGROUND

Plaintiffs allege that they negotiated and entered into an agreement with Schwarz, TransCorr, and TC Holdco to be executives of a newly formed affiliate in Michigan, now known as Venture Solutions. (ECF No. 18, PageID.227, ¶¶14-16.) In exchange, Plaintiffs were promised ownership interests in Venture Solutions, as evidenced by their employment agreements with TransCorr, a term sheet developed with Schwarz, TransCorr, and TC Holdco, and subsequent discussions with Schwarz' principal. (*Id.*, PageID.228-29, ¶¶18-24.) Yet, despite laboring as Venture Solutions' executives and bringing it success, Plaintiffs were never formally made owners. (*Id.*, PageID.232-34.) Meanwhile, Defendants took distributions from Venture Solutions' profits without allocating any to Plaintiffs and secretively planned their replacement. (*Id.*, PageID.230-31, ¶¶33-36.) In 2021, Defendants terminated Plaintiffs' employments. (*Id.* PageID.231-32, ¶42.)

Initially, Plaintiffs brought their grievances against Defendants in their Counterclaim against Venture Solutions, which had filed a Computer Fraud and Abuse Act and misappropriation for trade secrets suit against Plaintiffs. (*Venture Solutions, LLC. v. Meier et al,* Case No. 21-12299, Amend. Countercl., ECF No. 13.) In a Report and Recommendation, Magistrate Judge Curtis Ivy, Jr. recommended that the court dismiss Plaintiffs' claims against Defendants because they were improperly joined. (*Id,* R. & R. on Pl's Mot. to Dismiss Countercl., ECF No. 25.) Plaintiffs did not object to the Magistrate Judge's finding in this respect. Instead, they initiated this lawsuit to reassert claims for breach of contract (Count I), promissory estoppel (Count II), minority membership oppression/breach of fiduciary duty (Count IV), and wrongful termination

(Count V) against Schwarz, TransCorr, and TC Holdco, and unjust enrichment (Count III) against all Defendants.

## II.  STANDARD

Defendants do not argue that this case has been brought in the wrong venue. Rather, they seek a transfer of convenience under 28 U.S.C. § 1404(a). This provision provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* As the permissive language of the statute suggests, this court "has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan,* 30 F.3d 658, 663 (6th Cir.1994) (alteration in original, citation omitted).

To transfer an action under § 1404(a), the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.,* 860 F. Supp. 393, 398 (E.D.Mich.1994). The court reviews motions to transfer "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). Factors to consider include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances.

*Rhoads v. Mecosta Cnty. Jail*, No. 20-12307, 2020 WL 5412213, at *1 (E.D. Mich. Sept. 8, 2020) (Cleland, J.) (citing *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (Gadola, J.). The moving party – here, Defendants – bears the burden of demonstrating by a preponderance of the evidence that, "in light of these factors, 'fairness and practicality strongly favor the forum to which transfer is sought.'" *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp.2d 943, 946 (E.D. Mich. 2003) (Gadola, J.) (quoting *Thomas v. Home Depot U.S.A., Inc.*, 131 F. Supp.2d 934, 936 (E.D. Mich. 2001)) (Gadola, J.).

### III. DISCUSSION

Neither party disputes that this case could have been filed in the Southern District of Indiana. Defendants, however, have not met their burden of showing that convenience and fairness require a change of venue.

### A.  Convenience of the Witnesses and Parties

The convenience of the witnesses is one of the most important factors in considering a motion to transfer venue. *See Thomas,* 131 F.Supp.2d at 937. While Defendants have listed employee witnesses[2] located in Indiana (ECF No. 13, PageID.80-81), Plaintiffs have identified non-party witnesses with relevant information who are Michigan residents, as are Plaintiffs (ECF No. 19, PageID.276). Wherever this case is, someone will be inconvenienced. "A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another." *Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004) (Borman, J.).

---

[2]     Courts in the Eastern District of Michigan have held that "[t]he word 'witnesses' is unqualified [and] [i]t thus seems that Congress never evinced an intent to protect only non-employee witnesses." *Thomas,* 131 F. Supp. 2d at 939.

Additionally, the inconvenience is diminished by modern transportation and communications. *See Amphion*, 285 F. Supp. 2d at 947 ("Although presumably some travel may be required between the districts, the distance between the Southern District of Ohio and the Eastern District of Michigan is not great, particularly in light of modern transportation methods."); *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957) (noting that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity"). Thus, the court finds that the balance of conveniences does not strongly favor Defendants' request to transfer venue.

### B.  Location of Relevant Documents and Access to Proof

This factor does not favor Indiana over Michigan. Defendants claim that the relevant corporate records are in Indiana. (ECF No. 13, PageID.81.) However, "the location of documentary evidence is a minor consideration." *Audi AG*, 341 F. Supp. 2d at 751. Defendants have not specified how "it would be 'unduly burdensome' to submit the evidence" in this district. *Standard Ins. Co. v. Lakkaraju*, No. 20-CV-11229, 2020 WL 4435168, at *3 (E.D. Mich. Aug. 3, 2020) (citation omitted) Indeed, Defendants do not challenge Plaintiffs' assertions that the documents can be exchanged electronically. (ECF No. 19, PageID.278.). *See Applied Energy Techs., Inc. v. Solar Liberty Energy Sys., Inc.*, No. 09-CV-11959-DT, 2009 WL 2777079, at *6 (E.D. Mich. Aug. 27, 2009) (Cleland, J.) ("[A]ccess to documents is a less significant factor in this 'era of photocopying, fax machines, and Federal Express.'") (citation omitted); *Michigan Custom Machines, Inc. v. AIT Worldwide Logistics, Inc.,* 531 F. Supp. 3d 1208, 1219 (E.D. Mich. 2021) (Michelson, J.) (finding the document location and access to proof

factor neutral because "other sources of proof appear to be easily shared through electronic discovery"). Regarding testimonial evidence, "depositions of the witnesses are likely to be conducted where the witnesses are located, regardless of venue." *Applied Energy Techs,* 2009 WL 2777079, at *6. "Costs associated with the[] witnesses' travel can [also] be mitigated by depositions via telephone or video conference." *Flagstar Bank, FSB v. Estrella*, No. 13-CV-13973, 2013 WL 6631545, at *3 (E.D. Mich. Dec. 17, 2013) (Drain, J.).

### C.  Locus of Operative Facts

The locus of the operative facts, per Defendants, is that Plaintiffs "agreed to be employed by an Indiana company and discussed the alleged contracts and/or promises with individuals located in Indiana." (ECF No. 19, PageID.83.) On the other hand, Plaintiffs advance assertions, which are unrebutted, that they negotiated their terms of employment with Defendants, provided services that benefited Defendants, and were terminated in Michigan. While the facts surrounding the creation and breach of the alleged agreement/promise are split between Indiana and Michigan, the facts giving rise to the unjust enrichment and wrongful termination claims arose in Michigan. Thus, this factor tips slightly in favor of a Michigan venue.

### D.  Availability of Process to Compel Attendance of Witnesses

This factor does not support a transfer. As discussed above, the witnesses are split between Michigan and Indiana. Accordingly, the availability of process to compel the attendance of unwilling witnesses will be substantially the same whether the case is adjudicated in Indiana or Michigan. Additionally, this is "a non-issue at this point, as the parties have not offered any reason for the [c]ourt to believe that witnesses in this

litigation will be unwilling to testify." *Pocket Peepers, LLC v. D.M. Merch., Inc.,* No. 08-11005, 2008 WL 11355573, at *2 (E.D. Mich. May 28, 2008) (Friedman, J.).

### E.  The Relative Means of the Parties

For this factor, Defendants state merely that "[a]lthough Plaintiffs are individuals, they will not experience economic hardship if the case is transferred to Indiana." (ECF No. 13, PageID.87.) Such a conclusory statement, without any supported evidence or developed argument, is inadequate. *IFL Grp. Inc. v. World Wide Flight Serv., Inc.,* 306 F. Supp. 2d 709, 714 (E.D. Mich. 2004) (Gadola, J.) ("Mere assertions or speculation, without evidence, are insufficient to meet th[e] burden [of proof to show that transfer of venue is warranted]."). Meanwhile, Plaintiffs have demonstrated that they have lesser means than Defendants. (ECF No. 19, PageID.281-82.)

### F.  The Forum's Familiarity with Governing Law

As the parties acknowledge, issues of Michigan and Indiana law are both likely to arise. (ECF No. 13, PageID.87; ECF No.19, PageID.292.) Thus, this factor does not strongly weigh in favor of either venue.

### G.  The Weight Accorded Plaintiffs' Choice of Forum

"Foremost consideration must be given to the plaintiff's choice of forum." *W. Am. Ins. Co. v. Potts,* 908 F.2d 974 (6th Cir. 1990). In other words, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citation omitted). However, "[a] plaintiff's chosen forum . . . is not sacrosanct, and will not defeat a well-founded motion for change of venue. This is especially true where a plaintiff has little or no connection to the chosen forum." *Audi AG,* 341 F.Supp.2d at 749-50. Here, Plaintiffs

7

reside and took part in the events underlying their claims within this district. Defendants have not shown that this factor supports a transfer.

### H. Trial Efficiency and Interests of Justice

Finally, trial efficiency and interests of justice, based upon the totality of the circumstances, disfavor transfer. Plaintiffs have pending claims against Venture Solutions before this court, which arise out of the same operative facts and involve similar issues and actors as this action. As the Supreme Court has cautioned:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

*Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). Thus, transferring the case under these circumstances would be imprudent. *See also United States v. Real Prop. Located at 6001 N. Ocean Drive*, No. 15-11574, 2015 WL 5209637, at *6 (E.D. Mich. Sept. 4, 2015) (Cleland, J.) ("Courts generally prefer cases arising from the same nexus of operative facts be tried in the same judicial district. 'The fact that the other cases arising from the transaction or event are in the same district from which transfer of the action is sought obviously is an argument against transfer.'") (citation omitted); *Bhd. of Maint. of Way Employes Div., IBT v. Consol. Rail Corp.*, No. 19-13112, 2020 WL 5269985, at *7 (E.D. Mich. Sept. 4, 2020) (Cox, J.) ("Allowing the[] cases [involving the same core legal question] to proceed along separate tracks would cause the unnecessary duplication of judicial efforts and the potential for conflicting rulings.").

After balancing all the factors, the court finds that Defendants have not satisfied their burden of proof to overcome the strong presumption in favor of Plaintiffs' choice of forum.

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion to Transfer Venue to the U.S. District

Court for the Southern District of Indiana Pursuant to 28 U[.]S[.]C[.] § 1404(a)" (ECF No.

13) is DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 1, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\NTH\Civil\22-11644.MEIER.TransferVenue.NH.v2.docx