UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL MEIER and
CHRISTOPHER WILLIAMS,

        Plaintiffs,

v.                                      Case No. 22-11644

SCHWARZ PARTNERS, et al.

        Defendants.
_____/

**ORDER TERMINATING AS MOOT DEFENDANTS'
"PARTIAL MOTION" TO DISMISS**

On July 18, 2022, Plaintiffs Michael Meier and Christopher Williams initiated this action against Defendants Schwarz Partners, TransCorr, LLC, TC Holding Co, LLC, Venture Connect, LLC, TransCorr Brokerage, LLC, TransCorr Leasing, LLC, TransCorr National Logistics, LLC, and TransCorr Global Solutions, LLC, arising out of the negotiation and termination of Plaintiffs' employment as executives of Venture Solutions, LLC. (ECF No. 1.) Plaintiffs asserts claims for breach of contract (Count I), promissory estoppel (Count II), "minority membership oppression/breach of fiduciary duty" (Count IV), and wrongful termination (Count V) against Schwarz, TransCorr, and TC Holding, and unjust enrichment (Count III) against all Defendants. (*Id.*)

On September 19, 2022, Defendants filed a "Partial Motion to Dismiss Plaintiffs' Complaint" [sic] (ECF No. 14). They argue that Plaintiffs' claim of unjust enrichment (Count III) should be dismissed, because, as alleged, it is a shareholder derivative action to which Venture Solutions, not Plaintiffs, is the party in interest, and thus, diversity jurisdiction does not exist as to this claim. (*Id.*, PageID.146-47.) Additionally,

Defendants posit that Plaintiffs failed to state their unjust enrichment, minority membership oppression, and wrongful discharge claims (Counts III, IV, and V) upon which relief can be granted. (*Id.*, PageID.150-54.)

On October 10, 2022, Plaintiffs amended their Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B). (ECF No. 18.) Plaintiffs' Amended Complaint becomes the operative pleading in this case. *See Parks v. Federal Express Corp.,* 1 Fed. Appx. 273, 277 (6th Cir. 2001). In addition to correcting the name of one Defendant ("TC Holdco" instead of "TC Holding Company"), the Amended Complaint includes new allegations that specifically address the pleading deficiencies reckoned in Defendants' motion to dismiss. (*See* ECF No. 18, PageID.228-31, 235-36, ¶¶18, 25-31, 35, 64, 72-76.) Because the Amended Complaint "contains new and different allegations which bear on the merit of [Plaintiffs'] claims," Defendants' pending motion to dismiss directed at the initial Complaint are now substantively moot. *Sango v. Johnson*, No. CIV.A. 13-12808, 2014 WL 4658379, at *1 (E.D. Mich. May 22, 2014) (Grand, MJ.), *report and recommendation adopted,* No. 13-12808, 2014 WL 4658385 (E.D. Mich. Sept. 17, 2014) (Tarnow, J.), *aff'd* (Nov. 5, 2015) ("[A]ny motions directed at the original complaint are moot in the face of the filing of the amended complaint."); *see Crawford v. Tilley,* 15 F.4th 752, 759 (6th Cir. 2021) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case.") (citation omitted). To the extent Defendants wish to seek similar relief with respect to the Amended Complaint, they must file a new motion tailored to the allegations in that operative pleading.

Nothing in this order should be construed as an adjudication on the merits of the parties' claims or defenses or impact their substantive rights in any way. Accordingly,

IT IS ORDERED that Defendants' "Partial Motion to Dismiss Plaintiffs' Complaint" [sic.] (ECF No.14) is TERMINATED AS MOOT.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Civil\22-11644.MEIER.TerminateMotiontoDismissasMoot.NH.docx